### READING v. LAMPHIER.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

TROVER AND CONVERSION—DEMAND.

> Where defendant in an action for conversion claims in his answer to be absolute owner of the property, and does not deny on the trial the sale of the property by him, and the appropriation of the proceeds, his objection, on appeal, that no demand appears to have been made by plaintiff for possession of the property before suit brought, is without merit.

Appeal from circuit court, Erie county.

Action by William B. Reading against Jeremiah C. Lamphier to recover damages for conversion of personal property belonging to his intestate. There was a verdict and judgment for°plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*E. B. Vedder,* for appellant. *Emery & Sickmon,* for respondent.

MACOMBER, J. The action is for damages for the conversion of certain horses, hogs, wagons, and farming implements, together with hay, grain, and other farm produce, owned by the plaintiff's intestate. The foundation of the plaintiff's right of action is the claim that the deceased was working two farms on shares for the defendant, and that in pursuance of their agreement he was entitled to his one-half of the products of the land, and that he owned the articles of personal property in his own right. On the other hand, it is claimed by the defendant that the plaintiff's intestate was his hired man only, and had no interest in the products of the farm, and that he had in fact, before entering upon his services, sold to the defendant the horses and other animals, and the farming implements.

The answer does not sufficiently deny the appropriation and conversion by the defendant of this property, provided the fact appears to be established that the deceased worked such farm on shares, and owned these several articles of personal property. Indeed, the answer asserts positively that the articles of personal property and the produce of the farm mentioned in the complaint belonged absolutely to the defendant. Under these circumstances, the contention made upon this appeal, that no demand appears to have been made by the plaintiff for the possession of this property before the action was brought, does not commend itself to our favorable attention, because, if the defendant has chosen the attitude of claiming in his answer to be the absolute owner of all this property, while not denying upon the trial its sale by him to other parties, and the appropriation of the proceeds thereof by him, the purpose of the demand would have been wholly unavailing, and hence unnecessary to be made before the action was brought. It is enough if it appeared, as it did in *Dyckman* v. *Valiente,* 42 N. Y. 549, as well as in this case, that the defendant had sold the property as his own, ignoring the right of the plaintiff to share in it. The question was properly treated at the trial, and also in the briefs upon this argument, as consisting solely of one of fact, for the determination of the jury. A discussion of the evidence would be but a reproduction of it, and would not be advantageous to any of the parties. We

are satisfied that the jury reached an intelligent verdict. In answer to the argument of the respondent, we deem it incumbent to say that we do not perceive that the question of the statute of frauds is involved in the sale of the personal property by the plaintiff's intestate to the defendant. There is no doubt but that the property went upon either one or the other of the two farms, and that if Engel, the deceased, went there only as a hired man, there was a sufficient delivery of the articles to take away the operation of the statute of frauds. The sale, which the jury has found never took place, would have been a completed transaction, accompanied by such a delivery of the property, even if the principal question, namely, that of the manner in which Engel worked the farm, had been decided by the jury in favor of the defendant's contention. But the verdict has removed this question from the case.

The charge fully and impartially presented the questions of fact to the jury. There is no exception in the record worthy of consideration, save that arising under section 829 of the Code of Civil Procedure. It was offered to prove at the trial, by the defendant himself, that a portion of the articles of the personal property, namely, some hogs, were paid for by him at the auction sale, and that a certain note which had been given by Engel, with the defendant's name upon it, was given for the defendant's debt solely, and that he paid it in cash. This was duly objected to under section 829. It had already appeared in the case that the deceased had paid for the hogs by a note of which he and the defendant were the joint makers. It further conclusively appeared that the hogs were taken home by the deceased, and that the defendant was not present at the sale. But it was claimed by the defendant that the plaintiff's intestate was but a servant or agent of his, and the hogs were bought by him for the defendant. The question of actual ownership as between these two parties, the one living and the other dead, was necessarily involved. The defendant had been permitted already to show by other witnesses the arrangement about signing the note, and the manner of the purchase of the hogs, and who bid them off at the sale. Furthermore, the defendant himself testified as follows: "I know about the hogs; and, of course, I can't tell in relation to my telling Engel to buy the hogs. Engel bought the hogs. I was not present. I paid for the hogs." Under this testimony, it will be seen that all of the evidence contained in that portion of the offer to the ruling rejecting which exception was taken, had already been given in the case by the defendant himself. The facts were sufficiently disclosed, so far as the defendant's testimony is concerned, to enable the jury, if there were not other facts and circumstances overcoming the same, to hold that he was the owner of the hogs. After being permitted to swear that it was his note which was used, and that he had paid for the hogs, and that Engel bought the hogs for him, it would add nothing to the strength of his testimony to be permitted to declare that he owned them, unless, as was thought at the trial, apparently on both sides, that it was the purpose of this offer to give a conversation or personal transaction with the deceased, Engel, and himself, in which case the evidence was clearly incompetent under this section of the Code. The judgment and order appealed from should be affirmed.