### McSWEGAN et al. v. HANKINSON.

(Supreme Court, Appellate Term. October 27, 1905.)

TROVER AND CONVERSION—DEMAND AND REFUSAL—DEFENSES.

Where, in conversion, defendant admitted possession of the chattels in question, but justified by asserting a superior title in another, from whom he had leased them, plaintiff was not bound to prove demand and refusal in order to recover.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frank McSwegan and others against Phoebe W. Hankinson. From a Municipal Court judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Bigham & Wagner, for appellants.

SCOTT, P. J. The plaintiffs, suing in conversion, allege demand and refusal to deliver. Defendant, among other denials, denies demand and refusal, and as a separate defense alleges that the chattels sued for were the property of one Crimmins, by whom they were leased to defendant's predecessor. The evidence clearly showed that the chattels were plaintiffs' property and that they were in defendant's possession. The complaint was dismissed upon the ground that plaintiffs had failed to prove demand and refusal. Aside from the fact that it was admitted that a written demand had been made upon defendant, we are of opinion that the nature of the defense interposed obviated the necessity of proof of demand and refusal. Of course, demand and refusal to deliver do not constitute conversion, but are only evidence of it, and where, as in the present case, the defendant admits possession of the chattels, but justifies that possession by the assertion of superior title, either in himself or in some third person, the proof of conversion is complete, without the necessity of proving demand and refusal. Reading v. Lamphier (Sup.) 9 N. Y. Supp. 596. There seems to have been no other reason for dismissing the complaint than the one erroneously assigned by the justice. The judgment must therefore be reversed.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.