## PUGH v. KRAFT.

(Supreme Court, Appellate Term.   December 8, 1910.)

1. TRIAL (§ 140*)—JURY QUESTION—VERACITY OF WITNESSES.
     The determination of the veracity of witnesses is for the jury.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig.
     § 140.*]

2. APPEAL AND ERROR (§ 927*)—REVIEW—REVIEW ON DISMISSAL.
     On plaintiff's appeal from a judgment of dismissal, the evidence must
     be considered in the light most favorable to plaintiff.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912,
     2917, 3748, 4024; Dec. Dig. § 927.*]

3. CHATTEL MORTGAGES (§ 176*)—ACTION—SUFFICIENCY OF EVIDENCE.
     In an action for the seizure by defendant of chattels sold to plaintiff
     by him, a chattel mortgage having been given for part of the price, evi-
     dence *held* sufficient to go to the jury whether plaintiff had violated any
     conditions of the agreement at the time the chattels were seized.
     [Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 176.*]

4. CHATTEL MORTGAGES (§ 176*) — SEIZURE BY MORTGAGEE — LIABILITY—DE-
     MAND—NECESSITY.
     Where a chattel mortgagee justified his right to seize chattels sold to
     the mortgagor upon the ground that the mortgagor had violated certain
     provisions of the agreement of sale, a demand for the return of the chat-
     tels was not necessary before suing for damages for the seizure.
     [Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 176.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Pugh against Emil Kraft.   From a judgment dis-
missing the complaint, and from an order denying a motion for new
trial, plaintiff appeals.   Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Gilbert W. Minor, for appellant.
David Friedman, for respondent.

GAVEGAN, J.·  In December, 1907, plaintiff bought defendant's
place of business and entered into possession, receiving from defend-
ant a bill of sale and giving as purchase price $375 cash and promis-
sory notes for $400, with chattel mortgage as collateral security.   A
written agreement between the parties provided that none of the chat-
tels were to be removed without the written consent of the defendant.
Plaintiff removed three tables and eight chairs, which were not in-
cluded in the chattel mortgage.   The chattel mortgage refers to the
articles included in an annexed schedule; but the schedule is nowhere
in the case, and is not before us, so that, in the absence of any con-
tradictory testimony, the articles removed may be said to be the prop-
erty of the plaintiff, and not included in the mortgage.   Neither did
the plaintiff default in the payment of his rent.   It was not due until
March 2, 1908, the first day of the month falling on Sunday, and it
appears that plaintiff had sufficient funds for payment.  The alleged
conversion took place on February 29th.   It is not claimed by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant that the plaintiff violated any other provisions of their agreement.

Upon this state of facts the trial court erred in dismissing the complaint. The veracity of plaintiff and his witnesses was a question for the jury, and, giving plaintiff the most favorable view of the evidence, this appeal having been from a dismissal of his complaint, the jury might well find that the plaintiff had not violated any of the provisions of the agreement at the time defendant seized plaintiff's chattels. A demand for the return of his property was not necessary. McSwegan v. Hankinson (Sup.) 95 N. Y. Supp. 548. Neither did plaintiff acquiesce in the seizure of his chattels by the defendant, so as to amount to an abandonment, as a matter of law; but, under the circumstances disclosed, it was for the jury to say whether there was an acquiescence or abandonment. Reich v. Cochran, 114 App. Div. 141, 99 N. Y. Supp. 755.

Substantial justice requires that the judgment dismissing plaintiff's complaint be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.